UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20306-Civ-COOKE

ENRIQUE FAUSTINO LUNA,

    Plaintiff

vs.

JOHN H. COPELAND, *et al.*,

    Defendant.

_____/

## ORDER OF DISMISSAL

THIS MATTER is before me on an independent review of the record. The Plaintiff filed a complaint on January 28, 2011, along with a Motion for Leave to Appeal *in forma pauperis*. On February 2, 2011, the Plaintiff filed an amended complaint. I have reviewed all of the Plaintiff's filings, the complaint and amended complaint,[1] and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's Amended Complaint is dismissed without prejudice.

### I. BACKGROUND

The Plaintiff, Enrique Faustino Luna, alleges that the "Jackson Health Systems" violated "Constitutional, Federal, State Laws" by denying him emergency medical services. The factual allegations contained in the Plaintiff's Amended Complaint are lengthy and at times indiscernible. It appears from his Amended Complaint that Plaintiff ingested an amount of

---

[1] It appears that the Plaintiff intended to incorporate all of the allegations raised in the complaint into the amended complaint. I have therefore construed the complaint and amended complaint together in evaluating the Plaintiff's case. *Cf. Asad v. Bush*, 170 F. App'x 668, 671 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

rubbing alcohol and became ill. He alleges that he tried to reach a police department to seek help, but was unable to do so due to his current state. A bystander allowed him to use a phone to call the Fire Department. Paramedics responded to the call to assist him. Paramedics then called him an ambulance, which took Plaintiff to Jackson Memorial Hospital. Plaintiff was taken to the emergency room and asked to wait in the lobby. Plaintiff alleges that he approached the receptionist at the front desk and the following exchange occurred:

> I inform [sic] the front receptionist that I wanted to call my emergency contact whom [sic] is my beloved mother and that I wanted to be seen however I was informed that I didn't complied [sic] with my psychiatric treatment which is true however there was a low level of psychiatric medications and rubbing alcohol in my blood stream. Once again I appoarched [sic] the front desk and slightly raised my voice and not to get into a [sic] oral argument with JMH security or Miami-Dade Police I walked all the way to the civic center metro rail station . . . .

Plaintiff goes on to allege that he then walked to Mount Sinai Medical Center, where he received treatment.

Plaintiff cites a variety of authorities as the bases for his Amended Complaint, which create no cause of action, including: the Pledge of Allegiance; the May Compact; the Declaration of Independence; the Emancipation Proclamation; the Gettysburg Address; Articles 3, 4, and 6 of the U.S. Constitution; and 42 U.S.C. § 12131.

Plaintiff also cites as bases for his Amended Complaint: U.S. Constitution, Amendments 5, 9, 10, and 14; Florida Constitution, Article I, section 2; 42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; 29 U.S.C. § 794d; and 29 U.S.C. § 701, *et seq.*

## II. LEGAL STANDARDS

A court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A district court has the inherent power to dismiss, *sua sponte*, a

frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). In this context, a lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary*, 739 (9th ed. 2009). A complaint may be dismissed even before service of process, if the court determines "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis*, 261 F. App'x at 234 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)).

### III. ANALYSIS

Plaintiff frames the issue in this action as: "Did Jackson Health Systems violate any Constitutional, Federal, State Laws by denying me Full Emergency Medical Services on Saturday 05/15/2010?" He alleges a denial of his constitutional rights pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, 29 U.S.C. § 794d, and 29 U.S.C. § 701, et seq. I will analyze the Plaintiff's allegations with respect to each stated statute or statutory scheme.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1523 (11th Cir. 1995).

The Plaintiff's claims arising out of 42 U.S.C. § 1983 must be dismissed because the Plaintiff has not alleged that the Defendant, John H. Copeland, or the Jackson Memorial Hospital (the "Hospital"), acted under color of state law. The Plaintiff does not allege in any way that Mr.

3

Copeland acted with authority possessed by virtue of employment or other special relationship with the state.  As such, this claim must be dismissed.

Plaintiff cites Title II of the Americans with Disabilities Act ("ADA") as a basis for his Amended Complaint.  To state a claim under Title II of the ADA, a plaintiff must allege:  (1) that he or she is a "qualified individual with a disability;" (2) that he or she was "excluded from participation in or ... denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity;" (3) "by reason of such disability."  *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001).  Plaintiff does not allege that the Hospital is a public entity or that Defendant represents a public entity.  Additionally, Plaintiff does not provide factual support to show that he is a qualified individual with a disability.  He also provides no factual allegations showing that Defendant or the Hospital discriminated against him or denied him emergency medical care because of any alleged disability.  At most, Plaintiff's Complaint alleges facts showing that he got into some kind of altercation with the receptionist and/or hospital security and Miami-Dade police and chose to leave the hospital to avoid an argument.  Plaintiff does not state what was the subject matter of the argument or the second discussion with the receptionist.  He does not allege, for example, that in the second argument with the receptionist, he or she told Plaintiff that the Hospital would not treat him.  At no point does Plaintiff state that anyone at the Hospital indicated to him that he would not be treated.  For these reasons, the Amended Complaint fails to make sufficient allegations as to an ADA claim and must be dismissed.

The Amended Complaint also states a claim under 29 U.S.C. § 794d.  This statute relates to electronic and information technology accessibility requirements for federal departments and agencies.  Plaintiff does not make any allegations regarding a lack of access to electronic and

information technology caused by a federal department or agency. In fact, Plaintiff does not name as a defendant any federal department or agency. This claim, therefore, cannot stand.

Finally, Plaintiff cites the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, as a basis for this Amended Complaint. Plaintiff fails to state which section of the Act applies to his case. In any case, as with the ADA, under the Rehabilitation Act, a plaintiff must show that he is "otherwise qualified" for the services sought, and was denied those services "solely by reason of disability." *See Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005). Plaintiff does not state any factual allegations to show he is a qualified handicapped person protected under the Act. Plaintiff also fails to make a sufficient showing that he was denied medical treatment, and that such denial was a result of his handicapped status. As such, this claim must be dismissed.

## IV. CONCLUSION

For the reasons explained in this Order, I find that the Plaintiff's Amended Complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is therefore **ORDERED and ADJUDGED** that:

1. The Plaintiff's amended complaint is **DISMISSED** without prejudice.
2. All other motions are **DENIED** as moot.
3. The Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of February 2011.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*
*Enrique Faustino Luna*, pro se

5